# The "Caja of Economías y Préstamos" of San Germán *v.* Ayguabibas Et Al.

## Appeal from the District Court of Mayagüez.

### No. 53.—Decided November 25, 1903.

Executory Action — Execution of Judgment. — When in an executory action a public sale has been ordered, the decision of the court must be enforced in the manner prescribed by law, without delaying the execution of the judgment, except through one of the means established by law.

Award of Attached Property.—The provisions of article 71 of the Mortgage Law are clear and definite, and as no discrimination is made, they are perfectly applicable to the record of an award of attached property decreed by the Provisional Court of the United States in satisfaction of other credits, and entered subsequently to the date of the cautionary notice of said attachment.

### STATEMENT OF THE CASE.

This is an executory action instituted in the District Court of Mayagüez by Ulises López, manager of the "Caja de Economías y Préstamos" (Savings Bank) of San Germán, against Juan Ayguabibas, for the recovery of a sum of money, in which action Sabater & Co. have intervened, and the case is now pending before us on appeal in cassation for error of law, now appeal, taken by the execution creditor who has been represented in this Supreme Court by his counsel, Antonio Alvarez Nava, Sabater & Co. being represented by Herbert E. Smith, Esq., while the party against whom the executory proceedings were prosecuted failed to appear.

In aforesaid executory action, when the same had reached the stage of compulsory proceedings and the public sale of the attached property had been ordered, a petition was filed in the District Court of Mayagüez on July 13, 1901, by Frederick L. Cornwell, Esq., on behalf of Sabater & Co., praying that the decree ordering the public sale of the attached property be vacated, inasmuch as the latter had been awarded to the said firm in an action against Ayguabibas prosecuted in the Provisional Court of the United States for the Department of Porto Rico, as shown by the certificate

tificación acompañada, reconociéndose asimismo el derecho y la autoridad de la referida Corte Provisional, de acuerdo con la Ley.

*Resultando:* que á ese escrito recayó auto en 15 de Julio citado, que copiado á la letra dice así:

"Mayagüez, Julio 15, de 1901. Por presentada con la certificación y traducción que se acompaña:

*Resultando:* que el Director de la Caja de Economías y Préstamos de San Germán, con fecha 12 de Marzo de 1900, acudió ante este Tribunal con un pagaré suscrito por don Maximino Rodríguez y garantizado por Don Juan Ayguabibas y Don José López, á favor de dicha Caja, por setecientos treinta pesos cuarenta y tres centavos, vencidos el 30 de Septiembre de 1898, solicitando el embargo preventivo contra los bienes del fiador, Ayguabibas, en cuanto bastara á cubrir la cantidad adeuda, intereses y costas, y el reconocimiento de las firmas por el deudor y fiadores.

*Resultando:* que en auto de 14 de Marzo de 1900 se acordó la citación del deudor y fiadores y se decretó, por cuenta y riesgo de la Sociedad acreedora, el embargo preventivo solicitado contra los bienes de Ayguabibas, cuyo embargo se llevó á cabo en 16 del propio mes, en un cuerpo de terreno, á café, chamaluco y pastos, sito en el barrio de Rosario bajo del término municipal de San Germán, y se tomó anotación preventiva en el Registro, en 29 del citado mes y año.

*Resultando:* que reconocida la firma por el deudor, y declarado confeso el fiador Ayguabibas, se despachó mandamiento de ejecución por auto de 2 de Julio del año 1900, ratificándose el embargo preventivo practicado: que tasada la finca y traida certificación del Registro de la Propiedad en que consta que la anotación del embargo se verificó antes que la inscripción de dominio de la finca á favor de sus actuales dueños, Señores Sabater & Ca., se notificó á éstos el estado del juicio, según el artículo 71 de la Ley Hipotecaria, y se sacó la finca á pública subasta por el término y con las formalidades del caso, sin que en el dia y hora señalado para el remate se presentara licitador alguno.

*Resultando:* que los Señores Sabater & Ca., por medio de su representante, el Letrado Cornwell, acuden ante este Tribunal acompañando certificación librada por el Secretario de la Corte de Distrito de los Estados Unidos, creditiva de que en 6 de Marzo de 1900, en el juicio promovido por los Señores Sabater & Ca., contra Don Juan Ayguabibas, obtuvieron los demandantes mandamiento de embargo contra la finca: que ese embargo se practicó conforme á las reglas de la Corte Provisional de los Estados Unidos y quedó definitivamente terminado el dia 8 de Marzo de 1900 y la propiedad ó finca embargada se vendió posteriormente por órden de la Corte Provisional de

accompanying the petition, and thereby recognizing the right and authority of aforesaid Provisional Court, in accordance with the law.

Upon this petition an order was made on July '15, 1901, which, literally copied, reads as follows:

"Mayagüez, July 15, 1901—Entered as having been presented together with the certificate and translation accompanying the same.

"On March 12, 1900, the manager of the 'Caja de Economías y Préstamos de San Germán' (Savings Bank of San Germán) appeared before this Court of Mayagüez with a promissory note made by Maximino Rodríguez, and endorsed by Juan Ayguabibas and José López as sureties, in favor of said Savings Bank, and due on the 30th of September, 1898, for seven hundred and thirty *pesos* and forty-three *centavos*, asking that a cautionary attachment be levied upon so much of the property of the surety Ayguabibas, as would cover the sum due with interest and costs, and calling for the identification of the signatures of the debtor and sureties.

"By an order dated March 14, 1900, the debtor and sureties were summoned to appear, the requested cautionary attachment being issued against the property of Ayguabibas, for account and on the responsibility of the creditor, the same being .levied upon a tract of land planted with coffee, bananas and pasture, situated in *barrio* 'Rosario-Bajo,' within the municipal district of San Germán, cautionary notice thereof being entered in the Registry of Property on Mach 29, 1900.

"The debtor having recognized his signature, and his responsibility as surety being acknowledged by Ayguabibas, a writ of execution was issued on July 2, 1900, ratifying the cautionary attachment. The property being appraised and a certificate from the registrar filed, showing that the notice of attachment had been entered before the title of ownership of the property had been recorded in favor of Sabater & Co., the present owners thereof, they were notified of the suit in accordance with article 71 of the Mortgage Law, and the property offered at public sale, during the period and under the formalities prescribed therefor; no bidder appearing on the day and hour set for the auction sale.

"Sabater & Co., through their counsel, Mr. Cornwell, filed with the District Court of Mayagüez, a certificate issued by the clerk of the District Court of the United States, showing that on March 6, 1900, in the suit brought by Sabater & Co., against Juan Ayguabibas, plaintiffs had obtained a writ of attachment against said property; that said attachment had been levied in accordance with the rules of the Provisional Court of the United States, and was definitely terminated on March 8, 1900, the property attached being subsequently sold by order of the Provisional Court of the United States for the

los Estados Unidos, del Departamento de Puerto Rico, de conformidad con los trámites de dicha Corte, pidiendo los Sres. Sabater & Ca. se revoque la disposición mandando sacar la propiedad á pública subasta y se reconozca el derecho y la autoridad de la Corte Provisional de los Estados Unidos para el Departamento de Puerto Rico, de acuerdo con la ley.

*Considerando :* que la finca embargada en estos autos, en 16 de Marzo de 1900, y de cuyo embargo se tomó anotación preventiva en 29 del propio mes, había sido embargada, á instancias de los Sres. Sabater & Ca. por la Corte Provisional de los Estados Unidos, para el Departamento de Puerto Rico, el dia 6 de Marzo y quedó definitivamente terminado el 8 del propio mes de 1900, vendiéndose con posterioridad á los Sres. Sabater & Ca.

*Considerando :* que cuando una Corte de los Estados Unidos entienda con jurisdicción en un asunto determinado, la Corte de un Estado no puede intervenir en el mismo asunto ni anular ninguno de sus actos, según lo tiene resuelto la Corte Suprema de los Estados Unidos en la causa de la Compañía Carbón de Leadvill contra MacCreery, 141, U. S., 35, 678, que establece que después que una Corte Federal, con jurisdicción sobre la propiedad, ha determinado los derechos á esa propiedad, no puede anularse por un procedimiento subsecuente de una Corte de un Estado.

*Considerando :* que si bien es cierto que la Corte Provisional no se ha ajustado en sus procedimientos á la Ley Hipotecaria, es también cierto que no tiene que ajustarse á los procedimientos de las leyes del país, porque creada por la Orden General No. 88, Serie de 1899, en ella se expresa claramente que sus decisiones se ajustarán á los principios de justicia y equidad establecidos para las Cortes de los Estados Unidos, sus procedimientos y reglas concordarían en lo posible con los observados en dichas Cortes Federales (Art. 4) y las Cortes de los Estados Unidos no tienen que ajustarse á los procedimientos de las Cortes locales. Decisión de la Corte Suprema de New Orleans contra Fonesiana Cos Co., 129, U. S., 45, 32, 607, Scatt, contra Neely, 140, U. S., 106, 35, 358, Germiley, contra Clark, 134, U. S., 338, 33, 909, Ridany contra Jalmiston, 128, U. S., 212, 32, 401.

*Considerando :* que si se dispusiere por esta Corte la cancelación de la inscripción de adjudicación cuando se solicitare, equivaldría á desconocer las atribuciones y á desautorizar los procedimientos y facultades de las Cortes de los Estados Unidos y privarle de su jurisdicción. Decisión de la Corte Suprema de los Estados Unidos en la causa de Central National Bank contra Stevens Val 41 Pag. 715, 169, U. S., 432.

*Considerando :* que la anotación preventiva de embargo hecha con arreglo al No. 2 del artículo 42 de la Ley Hipotecaria esencialmente revocable y no altera el carácter de la obligación ni convierte el derecho personal en real y el acreedor que lo obtiene sólo adquiere preferencia respecto á los créditos contra el mismo deudor contraidos con posterioridad á dicha anotación.

Department of Porto Rico, according to the procedure established by said court, wherefore Sabater & Co. prayed that the order for a public sale of the property be vacated and that the right and authority of the Provisional Court of the United States for the ·Department of Porto Rico be recognized according to law.

"The property attached by order of this court, on March 16, 1900, of which attachment a cautionary notice was entered on the 29th of said month, had been attached at the request of Sabater & Co. by the Provisional Court of the United States for the Department of Porto Rico, on March 6, which attachment was definitely terminated on March 8, 1900, the property being subsequently sold to Sabater & Co.

"When a court of the United States having jurisdiction of a case takes cognizance thereof, no state court can interfere in the same matter or reverse any of its decision, according to the opinion of the Supreme Court of the United States rendered in the case of *The Leadville Coal Co.* v. *MacCreery,* 141 U. S. 475, in which it is held, that after a federal court, with jurisdiction over property, had determined the title thereto, such a decision cannot be reversed by any subsequent action of a state court.

"Although it is true that the Provisional Court in its proceedings has not followed the provisions of the Mortgage Law, it is also true that it is not required to proceed under the laws of the country, because, having been created by General Order No. 88, series of 1899, it is therein clearly stated that the decisions of said court shall follow the principles of common law and equity as established by the courts of the United States, and its procedure and rule shall conform as nearly as practicable to those observed and followed in said federal courts (art. 4), and the courts of the United States are not required to follow the procedure of the local courts.   Decision of the Supreme Court in case 4, *New Orleans* v. *Louisiana Con. Co.,* 129 U. S. 45; *Scott* v. *Niely,* 140 U. S. 106; *Gormley* v. *Clark,* 134 U. S. 338; *Ridings* v. *Johnson,* 128 U. S. 212.

"Were this court to order the cancellation of the record of the award, when requested, it would be tantamount to ignoring the attributes, and disregarding the powers and proceeedings of the courts of the United States, and depriving them of their jurisdiction.   (See *Central National Bank* v. *Stevens,* 169 U. S. 432.)

"The cautionary notice of attachment made in accordance with paragraph 3 of article 42 of the Mortgage Law, is essentially revocable and does not alter the character of the obligation nor convert a right in personal property into a right in real property, and a creditor who obtains it acquires preference only with respect to credits against the same debtor, contracted subsequently to such cautionary notice.

"The provisions of article 71 of the Mortgage Law cannot be considered

*Considerando :* que no es de estimarse aplicable á los Sres. Sabater & Ca. los preceptos del artículo 71 de la Ley Hipotecaria, porque el título por el cual adquirieron la finca fué el de adjudicación en pago que les hizo otro Tribunal competente en otro juicio, y cuyo embargo fué decretado con anterioridad al hecho por la Caja de Economías y Préstamos de San Germán.

*Vistas* las disposiciones citadas. Se declara sin lugar la subasta solicitada por la Caja de Economías y Préstamos de San Germán, reservando dicha Caja sus derechos para que lo ventile ante quien y en el juicio que corresponda.

Así lo acordaron y firman los Sres. de la Sala y certifico.—Arturo Aponte.—J. A. Erwin.—Luis Mendez.—P. S.—Gerardo Díaz."

*Resultando :* que de dicho auto solicitó reposición la representación de la Caja de Economías y Préstamos de San Germán, y tramitado el recurso fué resuelto por auto de 31 de Agosto del año expresado, en los siguientes términos :

"Mayagüez, 31 de Agosto de 1901. Por los mismos fundamentos del auto de 15 de Julio y además :

*Resultando :* que en providencia 16 de Abril de este año dictada por el Tribunal, á causa de no haberse expresado por la parte ejecutante que estaban corrientes los títulos de propiedad se declaró no haber lugar á la subasta de los bienes embargados é insistiendo el gerente de la Caja de Economías y Préstamos de San Germán por conducto de su Letrado en todo lo contrario, se acordó por otra providencia posterior de 29 de dicho mes, que á fin de acreditarse la certeza de la manifestación que hiciera el ejecutado en el acto del requerimiento para la exhibición de títulos de la finca de que son actuales dueños los Sres. Sabater & Ca. que la tienen inscrita á su nombre, y sobre cuya finca pesa el embargo decretado por esta Corte y para averiguar además el concepto de la adquisición, se trajese certificado literal expedido por el Registrador de la Propiedad de San Germán de todos los asientos relativos á la finca embargada.

*Resultando :* que en la certificación expedida por el Registrador solo aparece que en el procedimiento instruido ante la Corte Provisional de los Estados Unidos de América en esta Isla, el Marshal, Oficial Ejecutivo de la mencionada Corte, Mr. Samuel C. Bothwell, en cumplimiento de una órden de la misma de fecha 3 de Abril del corriente año, embargó como de la pertenencia de Don Juan Ayguabibas la finca disputada y para responder de la cantidad que expresa, y tuvo efecto el remate el 15 de Octubre del año pasado, habiéndose hecho la adjudicación á favor de los Sres. Sabater & Ca. que la tienen esa finca registrada á su nombre.

*Resultando :* que por aparecer del aludido certificado del Registro que la órden de embargo de la Corte Provisional de los Estados Unidos decretaba,

as applicable to Sabater & Co., because the title by which they acquired the property was an adjudication in payment made to them by another competent court in another action, the attachment whereof was decreed before the one levied by the 'Caja de Economías y Préstamos de San Germán' (Savings Bank).

"In view of the provisions cited, the application made by the 'Caja de Economías y Préstamos de San Germán' for a public sale is dismissed, said institution being left at liberty to prosecute its rights in the premises before such a court and in such an action as may be proper.

"Thus it was adjudged and signed by the judges constituting the court, to which I certify—Arturo Aponte—J. A. Erwin—Luis Méndez—Gerardo Díaz, substitute".

Counsel for the "Caja de Economías y Préstamos de San Germán" made application for a reconsideration of this order, which was decided, on August 31 of said year, by an order which reads as follows:

"Mayagüez, August 31, 1901.   In an order of April 16, 1901, made by this court, based upon the reasons set forth in the order of July 15 and, further, because the execution creditor had failed to state what the titles to the property were in order, the request for a public sale of the attached property was denied, and as the manager of the 'Caja de Economías y Préstamos de San Germán,' through his counsel, maintained that the public sale should be ordered, it was decided by a subsequent order, dated April 29, that with a view to verifying the truth of the statement made by the execution debtor, when required to exhibit the titles to the property, to the effect that Sabater & Co. are the present owners of the same and in whose name it is recorded, and which property is encumbered by the attachment decreed by this court, and for the purpose, moreover, of ascertaining the manner in which the acquisition was made, a certified literal copy, issued by the Registrar of Property of San Germán, of all the entries relating to the attached property be submitted.

"In the certificate issued by the registrar it only appears that in the proceedings instituted in the Provisional Court of the United States of America in this Island, the marshal, the executive officer of said court, Samuel C. Bothwell, in compliance with an order dated April 3 of this year, attached as belonging to Juan Ayguabibas, the property in controversy, to secure the amount mentioned in the writ, the public sale of said property taking place on October 15 of last year, and the award thereof having been made in favor of Sabater & Co., who have said property recorded in their name.

"Inasmuch as from said certificate of the registrar it appears that the writ of attachment of the Provisional Court of the United States was issued on

en 3 de Abril del pasado año, ó sea con posterioridad á la que recayó por la de este Distrito, no vió inconveniente el Tribunal, en virtud de la continuada gestión de la Caja de Economías y Préstamos de San Germán, de acceder á lo que pedía hasta que se presentó en autos por el Abogado, Mr. Frederick L. Cornwell, una certificación del Secretario de la Corte de Distrito de los Estados Unidos, que se mandó traducir por el intérprete de este Tribunal, de cuya traducción se desprende que en 6 de Marzo del año de Nuestro Señor, 1900, obtuvieron los demandantes, Sabater & Ca. mandamiento de embargo contra la finca que se describe, que dicho embargo se efectuó conforme á las reglas de la Corte Provisional de los Estados Unidos y quedó definitivamente terminado el dia 8 de Marzo del año de Nuestro Señor, 1900, siendo vendida la propiedad posteriormente por órden de la Corte Provisional de los Estados Unidos del Departamento de Puerto Rico, de conformidad con los trámites de dicha Corte, y

*Resultando:* que el Letrado Don Antonio Manrique de Lara, á nombre del Director de la Caja de Economías y Préstamos de San Germán, presentó escrito en 12 de Marzo de 1900, pidiendo embargo que se decretó el 14 y se llevó á cabo el 16 ante la Secretaría de este Tribunal, á gestión de la parte acreedora que designó los bienes.

*Considerando:* que decretado el embargo de bienes contra Don Juan Ayguabibas por la Corte de Distrito de los Estados Unidos con anterioridad al que recayera por auto de este Tribunal, es incuestionable que el último debía quedar subordinado al primero, y si no se sabía como en el presente caso por los Jueces hacerse constar desde luego que el último embargo no puede sobreponerse al que ha decretado otro Juez independiente, y

*Considerando:* que terminado el pleito de Sabater & Ca. en la Corte de Distrito de los Estados Unidos que inició primero los procedimientos contra el deudor Ayguabibas deben respetarse sus decisiones y no provocarse conflictos jurisdiccionales, que ni proceden con Jueces superiores de distinto órden, ni los autorizan las leyes, ni tienen beneficio práctico para los litigantes.

*Vistas* las disposiciones citadas en el auto concordante, la sentencia del Tribunal Supremo de España del 10 de Enero de 1872; no ha lugar á la reposición solicitada, con las costas á la Caja de Economías y Préstamos de San Germán.   Lo proveyeron y firman los Sres. del Tribunal : Certifico :— Arturo Aponte.—J. A. Erwin.—Luis Méndez.—P. S. Gerardo Díaz''.

*Resultando:* que contra el auto de 15 de Julio y su concordante de 31 de Agosto interpuso la parte ejecutante recurso de casación por quebrantamiento de forma y anunció el de infracción de ley ; y habiendo sido elevados los autos á esta Corte Suprema, se desestimó el primero por sentencia de 1º de Marzo del año próximo pasado, y como aun no había

April 3, 1900, that is to say, subsequently to the one issued by this District Court, the court, in view of the persistent efforts of the 'Caja de Economías y Préstamos de San Germán,' saw no objection to the granting of its request, until Frederick L. Cornwell, Esq., filed with the record a certificate from the Clerk of the District Court of the United States, which was ordered to be translated by the interpreter of this court, from which translation it would seem that on March 6, 1900, the plaintiffs Sabater & Co. had obtained a writ of attachment against the property described, that said attachment was effected in accordance with the rules of the Provisional Court of the United States, and was definitely terminated on March 8, 1900, the property being subsequently sold by order of the Provisional Court of the United States for the Department of Porto Rico, in conformity with the procedure of said court.

"Antonio Manrique de Lara, Esq., on behalf of the manager of the 'Caja de Economías y Préstamos de San Germán,' filed an application of March 12, 1900, for an order of attachment, which was decreed on the 14th and issued by the clerk of this court on the 16th, at the request of the creditor who designated the property.

"The attachment of property having been decreed by the District Court of the United States against Juan Ayguabibas, prior to the issuance of the order of this court, it is unquestionable that the last should be subordinate to the first, and if it was not known by the judges, as in the present case, it must be declared forthwith that the last attachment cannot supersede the one decreed by another independent judge.

"The case of Sabater & Co. having been decided in the District Court of the United States, where the proceedings were first instituted, against the debtor Ayguabibas, the decisions of said court should be respected, and no jurisdictional conflicts provoked, which would not be proper in superior judges of different courts, nor are they authorized by the laws, nor can they prove of any practical benefit to the litigants.

"In view of the legal provisions cited in the other order, and the judgment of the Supreme Court of Spain, on January 10, 1872, the motion for a reconsideration is denied with costs against the 'Caja de Economías y Préstamos de San Germán.'   Adjudged and signed by the judges of the court, to which I certify—Arturo Aponte—J. A. Erwin—Luis Méndez—Gerardo Díaz, substitute."

From the order of July 15 and the corresponding order of August 31 the execution creditor took an appeal in cassation for error of procedure, and filed notice of another appeal for error of law.   The record having been sent up to this Supreme Court, the first mentioned appeal was dismiss-

sido resuelto el segundo cuando fué aprobada por la Asamblea Legislativa en 12 de Marzo último, la ley convirtiendo esta Corte Suprema en Corte de Apelación, se dió á este recurso la tramitación prevenida por dicha ley, teniendo lugar la vista del mismo con asistencia solamente del Letrado de la parte recurrente.

Abogado del apelante : *Sr. Alvarez Nava.*

Abogado de los apelados Sres. Sabater & Co. : *Sr. Smith.*

La otra parte apelada no compareció.

El Juez Asociado Sr. MacLeary, después de exponer los hechos anteriores emitió la siguiente opinión del Tribunal :

*Aceptando* los fundamentos de hecho de los autos recurridos. *Considerando :* que entablada demanda ejecutiva ante la Corte de Distrito de Mayagüez por la Caja de Economías y Préstamos de San Germán contra Don Juan Ayguabibas, en cobro de pesos, y pronunciada sentencia de remate, dicha Corte ha debido llevar á efecto lo juzgado en la forma que determinan las leyes, sin detener el curso del procedimiento de apremio á no ser por alguno de los medios que establece el derecho.

*Considerando :* que lejos de ser impedimento legal para la ejecución de la sentencia de remate de que se deja hecho mérito, el hecho de haberse inscrito en el Registro de la Propiedad de San Germán la adjudicación hecha en pago de otro crédito á Sabater & Ca. por la Corte Provisional de los Estados Unidos, de la finca embargada á Don Juan Ayguabibas, en el presente juicio, inscripción de fecha posterior á la anotación preventiva de tal embargo en aquel Registro, la Ley Hipotecaria en su artículo 71 ordena de modo expreso y terminante lo que en semejante caso debe hacerse, y á ese artículo dió cumplimiento la Corte de Mayagüez al disponer por providencia de 17 de Mayo de 1901 se notificara el estado del juicio á Sabater y Ca., por si en el término de diez días querían librar los bienes pagando la cantidad consignada en la anotación preventiva del embargo

ed by a decision of March 1, 1902, and as the latter had not yet been decided when an act establishing the Supreme Court of Porto Rico as a court of appeals was approved by the Legislative Assembly, March 12, 1903, said appeal was proceeded with pursuant to the provisions of said act, only counsel for the appellant being present at the hearing.

*Mr. Alvarez Nava*, for appellant.

*Mr. Smith*, for respondents, Sabater & Co.

The other respondent did not appear.

MR. JUSTICE MACLEARY, after making the above statement of facts, delivered the opinion of the court as follows:

The findings of fact of the orders appealed from are accepted.

An executory action having been instituted in the District Court of Mayagüez by the "Caja de Economías y Préstamos de San Germán", against Juan Ayguabibas, for the recovery of a debt, and a public sale ordered by the court, said court should have carried out the decision in the manner provided for by the laws, without delaying the execution of the judgment, except through one of the methods provided for by the law.

The fact that the award made in satisfaction of another credit in favor of Sabater & Co. by the Provisional Court of the United States, of the attached property of Ayguabibas, has been recorded at the Registry of Property of San Germán, a record the date whereof is subsequent to that of the cautionary notice of said attachment in the same registry, instead of being a legal impediment to the execution of the judgment ordering the aforementioned public sale, article 71 of the Mortgage Law expressly prescribes what should be done in such a case, and the Mayagüez court complied with said article when it directed by an order dated May 17, 1901, that Sabater & Co. be notified of the state of the proceedings, so that they might release the pro-

perty, if so disposed, by paying, within ten days, the amount stated in the cautionary notice of attachment as covering principal and costs, which notification was made on the 15th of June following.

By the doctrine herein established, which is in harmony with the doctrine laid down in the decisions of this Supreme Court of September 20, 1901, and December 15, 1902, in cases appealed like the one at bar, from the Mayagüez court, the authority of the decisions of the Provisional Court of the United States is not ignored, but on the contrary, its award to Sabater & Co. of the property attached in these proceedings is recognized. But as said award affects the cautionary notice of attachment entered at the instance of the "Caja de Economías y Préstamos de San Germán", it it evident that so long as said notice is not duly canceled, Sabater & Co. must abide by the effects thereof, among which are those of article 71 aforesaid of the Mortgage Law.

We adjudge that we should reverse and do reverse the orders of July 15 and August 31, 1901, from which this appeal is taken, and order the District Court of Mayagüez to proceed with the public sale of the attached property, in accordance with the law, without prejudice to the rights Sabater & Co. may deem themselves entitled to. The above is ordered to be communicated to aforesaid court, and the record returned thereto, that due effect may be given to the same.

Chief Justice Quiñones, and Justices Hernández and Sulzbacher concurred.

Mr. Justice Figueras did not sit at the hearing of this case.